F. M. DAVIS, Appellee, v. HARVEY RITCHEY, Appellant.

**Practice:** CONTINUANCE OF CAUSE: DISCRETION. The trial court has 1 a discretion in the matter of granting a continuance; and where the motion for continuance was for the purpose of obtaining testi-mony from a foreign state, and the pleadings to which it was applicable had been on file for some time, and there was no show-ing why the desired evidence had not been taken, a denial of the motion was not an abuse of such discretion.

**Judgments:** FORMER ADJUDICATION. A former decree quieting the 2 title to property in the defendant's father, and a subsequent judgment against defendant in his action to set the decree aside, are conclusive against his claim to the property in subsequent liti-gation over the title to the property.

**Evidence:** COMMUNICATIONS WITH A DECEDENT. The defendant in an 3 action to quiet title and for an injunction was incompetent to testify to an oral agreement between himself and a deceased person,

one of the grantees to whom the land in controversy was conveyed, and of whom plaintiff was the survivor, where the plaintiff did not testify concerning the agreement.

*Appeal from Adams District Court.*—HON. H. K. EVANS, Judge.

WEDNESDAY, FEBRUARY 12, 1913.

SUIT in equity to quiet title and for injunction. There was a trial to the court, and a decree for plaintiff. Defendant appeals.—*Affirmed.*

*J. H. Ritchey,* for appellant.

*Stanley & Stanley,* for appellee.

PRESTON, J.—The pleadings are somewhat voluminous, covering twelve pages of the abstract, but, stated briefly, plaintiff in his petition, amendment, and reply claims that he is the owner of lot 128, in Corning, Iowa, and asking that defendant be enjoined from interfering with his possession thereof, and claims that he has been in possession under color of title for more than ten years, except that for the last few years defendant has by force and threats attempted to hold possession against plaintiff. He also pleads a former adjudication against the defendant. The defendant's claim is substantially that he denies that plaintiff is the owner, but admits that plaintiff has an apparent title thereto, as shown by the records, and alleges that about 1899 he, defendant, made a parol contract of purchase with A. L. Wells, one of the parties having the legal title to said lot, and that he has had possession under claim of right for more than ten years, that such possession has been continuous, open, and adverse, and that he and his ancestors have been in possession under claim of right for more than forty years, all of which is denied by the plaintiff.

I. The first matter complained of by appellant is that the court erred in overruling his motion for a continuance. He says he was taken by surprise by the filing of plaintiff's

1. Practice: continuance of cause: discretion.

amendment to petition, and that he should have been given an opportunity to obtain the testimony of the registrar of the land office in Nebraska to show that D. C. Ritchey, plaintiff's grantor, entered a homestead in Nebraska about 1899, and proved up on the same about 1904. Plaintiff's amendment was filed May 2d. Defendant's answer was filed May 24th, and plaintiff's reply October 4th. The motion for continuance was filed October 16th, and the trial had October 30th, all in 1911. The plaintiff as a witness admitted that said Ritchey was in Nebraska and took up a homestead, and that he was absent a part of the time each year for two or three years. Several months elapsed before the trial after the filing of the amendment to petition, and nearly a month after the filing of plaintiff's reply. The defendant could have in that time obtained a certified copy of the records as to these matters, at least there is no showing why he could not have done so, or taken the deposition of the land office officials by leave of court, even in term time. The trial court did not abuse its discretion in this matter.

II. The record shows that on May 20, 1896, a decree was rendered by the district court of Adams county quieting the title to the lot in question in one Daniel Ritchey, who was

2. Judgments: former adjudication.

defendant's father. That action was brought by said Daniel, and against the executor of the estate of one D. N. Smith. Martha Ritchey was defendant's mother, and she died in 1894. In June, 1896, appellant and his sisters brought an action to set aside the decree of May 20th, claiming that D. N. Smith had agreed in parol to convey the lot to said Martha, and that as heirs of Martha Ritchey they were the owners, and alleging that the first decree was obtained by fraud. The decision of the court rendered January 15, 1897, was against appellant.

September 30, 1897, appellant filed a motion for a new trial of that action on the ground of newly discovered evidence, which motion was denied in January, 1898, and an appeal taken to this court, which affirmed the ruling in May, 1899. June 6, 1896, Daniel Ritchey, by warranty deed, conveyed to F. M. Davis and A. L. Wells. On the same day Davis and Wells executed a writing to Daniel Ritchey, reciting items of indebtedness of said Ritchey to them, and giving him the privilege of paying the same, and agreed to convey back on such payment. Daniel never paid, but afterwards executed a quitclaim deed to F. M. Davis and A. L. Wells. In 1901 A. L. Wells conveyed his interest to Arthur R. Wells, who conveyed to plaintiff in 1910. It will be seen that a number of adjudications have been had against defendant, and plaintiff's title and right of possession is complete, and he should prevail in this action, unless defendant has made out his claim that in 1899 he made a parol contract of purchase with A. L. Wells, one of the then owners, and that by reason thereof, and his alleged possession for more than ten years, he has title under a claim of right. The lot in question is unimproved, though defendant built a sidewalk after this suit was brought. He paid the taxes a part of the time before they were due. There is some confusion in the record as to whether or not there was a small stable on the lot. A concession recites that no part of the building was on the lot, and we take it this refers to the stable. Plaintiff paid the taxes a part of the time, claimed to own the lot and possession thereof, attempted to improve it, but was prevented by defendant's threat to shoot.

Defendant's claim as to the alleged parol agreement with Wells rests upon his testimony alone, which is set out in the record, but was taken subject to the objection that the witness and his testimony was incompetent under section 4604 of the Code. Wells died in 1901. Defendant's evidence is unreasonable and improbable. We shall not further refer to it because

3. EVIDENCE: communications with a decedent.

he was incompetent to testify. As we understand it, Davis and Wells were partners, though they were named separately in the deeds. In either event F. M. Davis, the plaintiff herein, was the survivor of Wells, and defendant could not testify against him as to personal transactions and communications. Davis did not testify as to the alleged parol agreement between Wells and Ritchey, so that defendant would not come within the exception in section 4604, as he contends. This question as to the alleged parol contract was raised by defendant in his answer, and as to this the defendant testified before the testimony of Davis was given. The decree of the district court was right.

It ought to be, and it is, *Affirmed.*